**Karen P. AUERBACH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 03–3044.

United States Court of Appeals, Federal Circuit.

DECIDED: April 11, 2003.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

Karen P. Auerbach appeals from the final order of the Merit Systems Protection Board, Docket PH–831E–02–0025–I–1, in which the Board affirmed the decision of the Office of Personnel Management ("OPM") denying her application for disability retirement benefits under the Civil Service Retirement System ("CSRS"). We *affirm.*

## BACKGROUND

Ms. Auerbach, an employee with the United States Postal Service, applied for CSRS disability retirement benefits in 2001, alleging that back problems prevented her from performing her duties. In her application, she stated that she became disabled on October 23, 1990, and that a doctor ordered her to work light duty as of that date. On May 24, 2001, OPM denied Ms. Auerbach's disability application, concluding that the submitted medical evidence did not demonstrate that her condition was so disabling as to preclude the performance of the essential duties of her position. OPM reviewed medical reports from Dr. Milton A. Wohl, who had evaluated Ms. Auerbach in 1989, and Dr. Ernest E. Cope, III, who had examined her in January 2001. Dr. Wohl had reported that Ms. Auerbach had a "cumulative level of disability, the basis of which is scoliosis, then part of which was the initial [1985] injury (post office), second injury of fall and general activity." He had stated that "[t]his patient is not totally disabled. This patient is not [sic] partially disabled for any employment not just her current occupation." He had further reported that "[t]his patient does have a partial disability and should be restricted from any heavy lifting, repetitive bending or twisting in view of her physical status now and in the past." In his 2001 report, Dr. Cope had diagnosed Ms. Auerbach with chronic low back pain and recommended a physical therapy strengthening program and weight loss.

Ms. Auerbach requested reconsideration of OPM's initial decision denying her application, but when she did not submit additional medical documentation, OPM upheld its initial decision. OPM reported that Dr. Wohl had found that Ms. Auerbach was not totally disabled and noted that while Ms. Auerbach continued to work until October 1992, she did not provide any medical records from 1992. In its reconsideration decision, OPM stated, "The medical

documentation provided does not establish that your condition was disabling and precluded you from performing the essential duties of your position."

Ms. Auerbach appealed OPM's decision to the Merit Systems Protection Board, which upheld OPM's decision. The administrative judge assigned to the case affirmed OPM's decision in an initial decision issued on February 21, 2002, concluding that Ms. Auerbach had failed to establish that she had a disabling condition. The administrative judge reviewed the medical reports and found that neither doctor indicated that Ms. Auerbach was permanently disabled and that there was no evidence after 1989 establishing that she was unable to perform any of her duties. Additionally, the administrative judge considered a 1991 Department of Labor determination, which affirmed the termination of temporary disability benefits related to back problems from a 1985 injury because "her injury related disability had ceased." This determination relied, in part, on Dr. Wohl's report. The administrative judge found that the submitted medical records did not show that Ms. Auerbach's back problems are currently disabling and that she is unable to render useful and efficient service. In light of those findings, the administrative judge concluded that the evidence failed to establish Ms. Auerbach's entitlement to disability retirement. The full Board denied review on September 20, 2002, and Ms. Auerbach now petitions this court for review.

## DISCUSSION

On appeal, Ms. Auerbach argues that the Board erred in failing to overturn OPM's decision denying her application for disability retirement. Specifically, she points to Dr. Wohl's report and an October 14, 1999, letter from the Postal Service. She argues that she "was already determined disabled enough that [she] could never return to [her] regular duties by Dr.

Wohl. No new evidence should have been required." Ms. Auerbach contends that the Postal Service letter, which notes that her statement and medical reports indicate that she would not recuperate and that she has been unable to perform her regular duties since December 12, 1992, established that she was disabled. She argues that "[o]nce a person is deemed permanently disabled they are not required to take periodic medical examinations to see if their permanent disability has some how [sic] miraculously disappeared." She contends OPM acted inappropriately by requiring her to produce other medical opinions.

■ In cases involving disability retirement claims, the Supreme Court has held that this court's power of review is limited. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). "While the factual underpinnings of § 8347 disability determinations may not be judicially reviewed, such review is available to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Id.* at 791 (internal quotations omitted). *See* 5 U.S.C. § 8347(c) (OPM "shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section [providing for Board review], the decisions of the Office concerning these matters are final and conclusive and are not subject to review."). Accordingly, insofar as Ms. Auerbach challenges the Board's factual findings, we cannot review the Board's determination that Ms. Auerbach failed to establish that she had a disabling medical condition.

■ To the extent that Ms. Auerbach's argument constitutes an allegation of a substantial departure from important procedural rights or other error going to

the heart of the administrative determination, we may consider that challenge. However, we reject Ms. Auerbach's contention that the October 14, 1999, letter establishes that the Postal Service had made a binding determination that she was permanently disabled. The letter, which notes that she had several options for going forward, such as applying for disability retirement or returning to her regular assignment with appropriate medical certifications, is not a conclusive disability determination binding on OPM, nor is it medical evidence establishing a disability. We also reject any argument that it was procedural error for OPM to require current medical reports to support the allegation that she is currently disabled. Accordingly, we conclude that there has been no substantial departure from important procedural rights or like error going to the heart of the administrative determination. Ms. Auerbach has not alleged, nor does the record reflect, that there had been a misconstruction of governing legislation. We therefore affirm the Board's decision.